**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMIDA MORENO, ) <br> Plaintiff, ) <br> v. ) <br> CAROLYN W. COLVIN, ) <br> Commissioner of Social Security, ) <br> Defendant. ) | NO. CV 12-08478 AGR <br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff Armida Moreno filed this action on October 5, 2012. (Dkt. No. 3.) Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 7, 17.) The parties filed a Joint Stipulation ("JS") that addressed the disputed issues.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands this matter for proceedings consistent with this opinion.

# I.

## PROCEDURAL BACKGROUND

On October 15, 2009 and February 23, 2010, respectively, Moreno filed applications for disability insurance benefits and supplemental security income, alleging an onset date of April 5, 2009.[1]  Administrative Record ("AR") 14, 120-34. The applications were denied initially and on reconsideration.  AR 14, 90-93. Moreno requested a hearing before an Administrative Law Judge ("ALJ").  AR 110-111.  On April 12, 2011, an ALJ conducted a hearing at which Moreno and a vocational expert ("VE") testified.  AR 52-87.  On May 20, 2011, the ALJ issued a decision denying benefits.  AR 14-20.  On August 23, 2012, the Appeals Council denied the request for review.  AR 1-6.  This action followed.

After filing this action, Moreno received a Notice of Award of disability benefits based on a subsequent claim.  In a Supplemental Memorandum ("Supp. Memo"), Moreno contended that the finding of disability warrants remand of this action for further factual consideration under 42 U.S.C. § 405(g) and *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010).  The Commissioner filed a Response to Plaintiff's Supplemental Memorandum ("Response").  Moreno filed a Reply. ("Reply").  The court took the matter under submission without oral argument.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

---

[1] Moreno filed prior applications for supplemental security income and disability insurance benefits that were denied on the ground that she did not meet the duration requirement.  AR 14.

2

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A.  Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.  The ALJ's Findings

In his decision dated May 20, 2011, the ALJ found that Moreno meets the insured status requirements through September 30, 2014. AR 16. Moreno had the severe impairments of status post stroke, hypertension, a heart disorder, diabetes and obesity. Her impairments did not meet or equal a listing. *Id.*

Moreno had the residual functional capacity ("RFC") to perform sedentary work. AR 17. She could lift and carry ten pounds occasionally and five pounds frequently; push/pull ten to fifteen pounds; stand/walk two to four hours out of an eight hour workday; and sit for six hours out of an eight hour workday. She should avoid excessive or repetitive balancing but can occasionally climb, stoop, kneel, crouch, crawl and squat. *Id.* Moreno is right-handed and has a left-sided

impairment. She required use of a cane for uneven surfaces. *Id.* The ALJ noted that Moreno had residuals of a 2009 stroke of disequilibrium, a constricted visual field of vision and limited peripheral area of vision. She had hypertension, diabetes mellitus, a heart condition, fatigue and a visual impairment at a moderate level, which are controlled or can be controlled by appropriate medication without significant adverse side effects. She had slight pain and "the total of her impairments have a medium effect but controlled." *Id.*

The ALJ found that Moreno was capable of performing her past relevant work as a data entry clerk as generally performed. AR 19-20.

### C.   Notice of Award of Disability Benefits

On May 16, 2013, the Commissioner issued a Notice of Award of disability benefits. (Supp. Memo., Drake Decl., Exh. A.) The Notice of Award indicates that Moreno applied for benefits based on her stroke, unstable walking, bladder problems, problems remembering and confusion. The following reports were used to decide her claim: AMG, A Professional Medical report, received March 1, 2013; Pomona Valley Hospital Medical report, received March 4, 2013; and Royalty Medical Group report, received May 1, 2013. (*Id.* at 1.) The actual reports were not provided to the court. The Commissioner concluded:

> The medical evidence shows that your condition has worsened and now prevents you from sustaining work activity. You stated that you stopped working because of your condition on 02/01/2009.
> However, there is a previous unfavorable decision from the Office of Disability Adjudication and Review dated 05/20/2011, which indicated that you were able to work at that time. Therefore, we are unable to find you disabled on any date prior to 05/20/2011.

(*Id.*)

### D.   Impact of Subsequent Disability Determination on This Case

The court may remand and order the Commissioner to take additional

4

evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also Shalala v. Schaefer*, 509 U.S. 292, 297 n.1, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

New evidence is "material" within the meaning of section 405(g) if it bears directly and substantially on the matter in dispute, and if there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001). A finding of disability based on a subsequent application for benefits may constitute "new and material" evidence warranting remand.[2] *See Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010). Good cause is shown "[i]f new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding." *Key v. Heckler*, 754 F.2d 1545, 151 (9th Cir. 1985). A claimant must show good cause for not having sought the favorable information earlier. *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001).

Moreno argues that the finding of disability based on her subsequent application is new and material evidence warranting remand. In *Luna v. Astrue*, the claimant presented a Notice of Award indicating the Commissioner had found her disabled as of the day after the prior adverse decision. 623 F.3d at 1034. The Ninth Circuit affirmed the district court's remand of the case for further factual consideration. "The 'reasonable possibility' that the subsequent grant of

---

[2] The Commissioner argues that "'a subsequent favorable [determination] itself, as opposed to the evidence supporting the subsequent favorable [determination], does not constitute new and material evidence under § 405(g).'" Response at 2 (quoting *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)). *Allen* illustrates a circuit split regarding whether a Notice of Award, on its own, may constitute new and material evidence under § 405(g). *Allen* predates the Ninth Circuit opinion in *Luna*, but the Sixth Circuit in *Allen* opined that the district court in *Luna* (whose opinion the Ninth Circuit affirmed) "misappl[ied] § 405(g)." *Allen*, 561 F.3d at 654. The Sixth Circuit also rejected the Ninth Circuit's reasoning in *Bruton*. *Id. Allen* is not binding authority here.

5

benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Id.* at 1035.

The Ninth Circuit in *Luna* distinguished the *Bruton* decision, which had denied remand based on a subsequent Notice of Award that found the claimant disabled as of the day after the prior adverse decision. *Bruton*, 268 F.3d at 826-27. The court in *Luna* found that, in *Bruton*, the "initial denial and subsequent award were easily reconcilable on the record before the court." 623 F.3d at 1035. The second application for benefits in *Bruton* involved "'different medical evidence, a different time period, and a different age classification.'" *Id.* (quoting *Bruton*, 268 F.3d at 827). By contrast, in *Luna* "she may have presented different medical evidence to support the two applications, or there might be some other reason to explain the change. Given this uncertainty, remand for further factual proceedings was an appropriate remedy." *Id.*

Remand is appropriate when, as in *Luna*, a court "cannot conclude based on the record before [it] whether the decisions concerning [the claimant] were reconcilable or inconsistent." *Id.* In this case, the Notice of Award states that Moreno's "condition has worsened and now prevents you from sustaining work activity." (Supp. Memo., Drake Decl., Exh. A.) Due to the unfavorable ALJ decision dated May 20, 2011, the Commissioner was "unable to find you disabled on any date prior to 05/20/2011." (*Id.*) The Notice states that its decision relied upon three reports that the Commissioner received in 2013: (1) AMG report received March 1, 2013; (2) Pomona Valley Hospital Medical report received March 4, 2013; and (3) Royalty Medical Group report received May 1, 2013. (*Id.*) Neither party has put these reports into the record. According to Ms. Drake's declaration, neither Moreno nor her counsel have possession, custody or control over these reports. (Reply, Drake Supp. Decl. ¶¶ 2-4.)

Given that the three reports are not in the record, it is unknown what information they contain and for what time periods. The date of receipt by the Commissioner does not necessarily tell us when the reports were dated or what time period they covered.[3] It may be that the records cover a time period that overlaps with the records in this case. The administrative record contains medical records from AMG, including Dr. Hong, during the time period March 2009 through February 2011. AR 268-84, 301-06, 315-38. Although there is indication Moreno was hospitalized at Pomona Valley Hospital from May 30 through June 1, 2010, the administrative record does not appear to contain records from Pomona Valley Hospital. AR 231. There are no records from Royalty Medical Group and it is unknown whether that group treated Moreno or performed a consultative examination. Moreno remained in the same age category. As in *Luna*, Moreno "may have presented different medical evidence to support the two applications, or there might be some other reason to explain the change." *Luna*, 623 F.3d at 1035. Given that the court cannot, on this record, determine whether the decisions concerning Moreno were reconcilable or inconsistent, there is, as in *Luna*, a "'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application" and "further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Luna*, 623 F.3d at 1035 (internal quotation marks and citation omitted); *see also Ceja v. Colvin*, 2013 WL 5492046, at \*5-6 (C.D. Cal. Sept. 30, 2013) (remand warranted when medical evidence that formed basis of subsequent grant of benefits was not submitted to court, and reasonable possibility existed that subsequent grant was based on new evidence).

---

[3] For example, the Commissioner may have records from the three medical facilities in response to her requests. It is unknown whether the Commissioner requested the records and, if so, the time period of the requests.

7

Good cause exists for Moreno's failure to incorporate the Notice of Award into the current record. The Notice of Award is dated May 16, 2013, which post-dates the ALJ's May 20, 2011 decision and the Appeals Council's denial of review on August 23, 2012. Although the Commissioner argues that Moreno has not shown good cause for failing to submit the reports cited in the Notice of Award, Moreno represents without contradiction that she and her counsel do not have the reports.

Accordingly, remand is the appropriate remedy. *See Luna*, 623 F.3d at 1035[4]; *see also Nguyen v. Comm'r*, 489 Fed. Appx. 209, 210 (9th Cir. 2012) (ordering remand to ALJ with directions that the parties "be allowed to present any new evidence submitted during the second proceeding that pertains to the period of disability for the first application" and that the ALJ reconsider whether claimant was "actually disabled during the period of time relevant to his first application in light of any new evidence of disability").

Moreno also contends that the ALJ: (1) erred by not fully crediting the opinions of Dr. Hong, a treating physician at AMG; (2) did not properly assess her RFC; (3) erred at Step Four in determining that she could perform her past relevant work as a data entry clerk; and (4) committed error in failing to acknowledge her dominant-sided impairment. Because this matter is being remanded for further consideration, the ALJ is free to reconsider these issues.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion. On remand, the parties may present any new evidence submitted

---

[4] *See also Evans v. Colvin,* 525 Fed. Appx. 582, 584 (9th Cir. 2013) (remand appropriate when Ninth Circuit could not determine on the record before it whether the decisions were reconcilable or inconsistent).

8

during the subsequent application that pertains to the period of disability for the application that is the subject of this appeal. The ALJ shall reconsider whether Moreno was disabled during the relevant time period in light of such new evidence.

    IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: January 14, 2014

                                        ALICIA G. ROSENBERG
                                        United States Magistrate Judge